IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICE J. HALL,<br><br>    Plaintiff,<br><br>  v.<br><br>GRANCARE, LLC dba VALE HEALTHCARE CENTER; MARINER HEALTH CARE MANAGEMENT COMPANY; MARINER HEALTH CARE, INC.; FAS, LLC; REMY RHODES, and DOES 100,<br><br>    Defendants.<br>_____/ | No. 15-2201 MMC<br><br>**ORDER DEFERRING RULING ON MOTIONS TO DISMISS; VACATING HEARING; DIRECTIONS TO PARTIES** |

Before the Court are defendant Mariner Health Care Management Company ("MHMC") and Mariner Health Care, Inc.'s ("MHI") motions to dismiss for lack of personal jurisdiction, both filed May 22, 2015, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Price J. Hall has filed opposition to each motion, to which MHMC and MHI, have respectively replied. Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision on the parties' written submissions, VACATES the hearing scheduled for August 21, 2015, and rules as follows.

## BACKGROUND

In his complaint, Hall alleges that (1) Grancare, LLC, dba Vale Healthcare Center ("Vale"), is a limited liability corporation that has its principal place of business in California (see Compl. ¶ 2); (2) MHMC is "a corporation," that "controlled the day-to-day operations,

administration, clinical care and services, and otherwise directed and controlled the provision of custodial care and services" to Hall at Vale (see id. ¶ 3); and (3) MHI "owned, operated, and controlled the distribution of revenue, including but not limited to profits and losses" of Vale (see id. ¶ 4).

Hall alleges that Vale, MHMC, and MHI failed to provide adequate care to Hall while he was a resident at Vale. (See, e.g., id. ¶ 28 (alleging "defendants promised to provide but withheld physical therapy and occupational therapy from Hall"); id. ¶ 30 (alleging "defendants lost [Hall's] dentures rendering [Hall] dependent on pureed food"); id. ¶ 34 (alleging "defendants failed to screen [Hall] for admission and retention as a resident at [Vale] as required to ensure the facility only admitted those residents for [whom] it could provide adequate care and services").) Based thereon, Hall asserts, as against MHMC and MHI, two claims: Elder Abuse and Neglect (First Cause of Action) and Negligence (Third Cause of Action).

**DISCUSSION**

"[A] defendant may be subject to either general or specific personal jurisdiction." See Easter v. American West Financial, 381 F. 3d 948, 960 (9th Cir. 2004). "A defendant is subject to general jurisdiction only where the defendant's contacts with a forum are substantial or continuous and systematic." Id. (internal quotation and citation omitted). "Specific jurisdiction applies if (1) the defendant has performed some act or consummated some transaction within the forum state or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable." Id. at 960-61 (internal quotation and citation omitted). In either instance, a subsidiary's contacts may be attributed to the subsidiary's parent "where the subsidiary is the parent's alter ego, or where the subsidiary acts as the general agent of the parent." See, e.g., Harris Rutsky & Co. Ins. Services, Inc. v. Bell & Clements Ltd., 328 F. 3d 1122, 1134 (9th Cir. 2003). To make a sufficient showing as to alter ego, a plaintiff "must make out a prima facie case (1) that there is such unity of interest and ownership that the separate

personalities of the two entities no longer exist and (2) that failure to disregard their separate identities would result in fraud or injustice." Id. (internal quotation, citation, and alteration omitted).  To make a sufficient showing as to agency, a plaintiff "must make a prima facie showing that the subsidiary represents the parent corporation by performing services sufficiently important to the parent corporation that if it did not have a representative to perform them, the parent corporation would undertake to perform substantially similar services." Id. at 1135 (internal quotation, citation, and alteration omitted).

Where a defendant moves for dismissal prior to trial and offers evidence to show the court lacks a basis for the exercise of personal jurisdiction, a plaintiff must make a "prima facie showing of jurisdictional facts through the submitted materials in order to avoid [the] defendant's motion to dismiss." See Data Disc, Inc. v. Systems Technology Assoc., Inc., 557 F. 2d 1280, 1285 (9th Cir. 1977).

In the instant case, MHMC and MHI have offered evidence that, if uncontroverted, would support a finding that MHMC and MHI have no contacts with the State of California and only limited involvement in Vale's operations.  (See Tabler Decls., filed May 22, 2015 (Doc. Nos. 5-1, 6-1) (averring MHMC and MHI are "holding compan[ies]", do "not own any property nor have any employees within the State of California," are "not in the business of providing healthcare services to any individual," and "do not directly own or operate any skilled nursing facility within the State of California").)  In response, Hall offers evidence suggesting MHMC and MHI have a greater degree of control over and involvement in Vale's operations.  (See Ingle Decls., filed June 5, 2015 (Doc. Nos. 17, 24) (attaching publically available documents showing same business address and some of same executive officers for MHMC and MHI, shared bank accounts for MHMC and Vale, MHMC's provision of "management services" to MHI facilities, including Vale, and Vale's receipt of funds for "clinical operational services" from MHI).  MHMC and MHI argue Hall's evidence relates to activities occurring a number of years before Hall was a resident at Vale and, in any event, that none of Hall's evidence is sufficient to establish personal jurisdiction.

3

Although the Court agrees that Hall has not met his burden of establishing personal jurisdiction, the evidence Hall has submitted to date suggests a stronger showing in support of jurisdiction may be made upon a more developed record.

Where, as here, the record is "not sufficiently developed" to enable the Court to determine whether personal jurisdiction exists and allowing discovery "might well demonstrate facts sufficient to constitute a basis for jurisdiction," a plaintiff should be afforded the opportunity to conduct discovery before ruling on a motion to dismiss. See Harris Rutsky, 328 F. 3d at 1135 (holding where plaintiff submitted evidence showing subsidiary and parent shared officers and directors, and principal owner of parent had drafted important contract for subsidiary, court was required to afford plaintiff "the opportunity to develop the record and make a prima facie showing of jurisdictional facts").

Accordingly, the Court will continue the motions to dismiss, and afford Hall the opportunity to pursue, in the interim, discovery on the question of personal jurisdiction.

## CONCLUSION

For the reasons stated above, ruling on MHMC and MHI's motions to dismiss is hereby DEFERRED, and Hall is hereby granted leave to conduct discovery relevant to the Court's exercise of personal jurisdiction over MHMC and MHI.  No later than December 11, 2015, Hall shall file any supplemental opposition to the motions to dismiss; any supplemental replies shall be filed no later than December 18, 2015.  In light of the above, the hearing on the motions to dismiss is hereby CONTINUED to January 8, 2016, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: August 7, 2015

_____
MAXINE M. CHESNEY
United States District Judge