IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRICE J. HALL,<br><br>    Plaintiff,<br>  v.<br><br>GRANCARE, LLC dba VALE HEALTHCARE CENTER; MARINER HEALTH CARE MANAGEMENT COMPANY; MARINER HEALTH CARE, INC.; FAS, LLC; REMY RHODES, and DOES 100,<br><br>    Defendants. | No. 15-2201 MMC<br><br>**ORDER GRANTING MOTION FOR REMAND; DENYING PLAINTIFF'S REQUEST FOR COSTS AND FEES** |

Before the Court is plaintiff Price J. Hall's Motion to Remand, filed August 20, 2015, by which filing plaintiff seeks an order remanding the above-titled action to state court on the ground this Court lacks subject matter jurisdiction.[1] Defendants GranCare, LLC, d/b/a Vale Healthcare Center ("Vale"), Mariner Health Care Management Company, and Mariner Health Care, Inc. have filed opposition, to which plaintiff has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court rules as

---

[1] Defendants contend plaintiff's motion is not properly before the Court because plaintiff "lacks the capacity to bring his motion." (See Def.'s Opp. at 4:20.) Even assuming, arguendo, defendants are correct, the Court has an "independent obligation" to raise and address any defects in subject matter jurisdiction. See Matao Yokeno v. Sawako Sekiguchi, 754 F.3d 649, 652 (9th Cir. 2014). Accordingly, the Court considers the propriety of its exercise of jurisdiction over the above-captioned case, irrespective of plaintiff's competency to raise the matter.

follows.[2]

**BACKGROUND**

On February 23, 2015, plaintiff filed the instant action in California state court, naming Vale, Mariner Health Care Management Company, Mariner Health Care, Facility Administrative Services, LLC ("FAS"), and Remy Rhodes ("Rhodes") as defendants. In the complaint, plaintiff alleges he did not receive proper care while residing at Vale, and alleges, as against all said defendants, three state law causes of action: Elder Abuse and Neglect, Violation of the Patient Bill of Rights, and Negligence.

On May 15, 2015, all named defendants other than FAS and Rhodes filed a Notice of Removal, in which they asserted the Court had diversity jurisdiction over plaintiff's claims. In particular, said defendants asserted the amount in controversy exceeded $75,000, plaintiff was a citizen of California, all defendants other than FAS and Rhodes were not citizens of California, and the California citizenship of FAS and Rhodes should be disregarded as, according to defendants, FAS and Rhodes had been fraudulently joined for the sole purpose of defeating diversity jurisdiction. (See Notice of Removal ¶¶ 1, 10-11.)[3] On June 11, 2015, plaintiff filed his initial Motion to Remand, arguing FAS and Rhodes were not fraudulently joined.

Thereafter, on June 26, 2015, defendants filed a Motion for Leave to File Amended Notice of Removal, which plaintiff did not oppose.[4] The Court granted leave to amend (see

---

[2] By order filed September 28, 2015, the Court found the matter appropriate for decision on the parties' respective written submissions, vacated the hearing scheduled for October 2, 2015, and took the matter under submission.

[3] For the same reason, defendants asserted the consent of FAS and Rhodes was not needed in order to remove the action. (See Notice of Removal ¶ 4.)

[4] Defendants contend plaintiff "waived his challenge to the amended removal," by failing to oppose defendants' motion for leave to file their amended notice. (See Def.'s Opp. at 2:6-9.) The Court disagrees. "A motion to remand is the proper procedure for challenging removal." See Moore-Thomas v. Alaska Airlines, 553 F.3d 1241, 1244 (9th Cir. 2009); see also 28 U.S.C. § 1447 (setting forth procedure for challenging removal). The parties cannot confer jurisdiction by either stipulation or waiver, see Guzman-Andrade v. Gonzales, 407 F.3d 1073, 1077 (9th Cir. 2005), and, indeed, a party may challenge the court's jurisdiction "at any time, even after trial and the entry of judgment," see Oregon v. Legal Services Corp., 552 F.3d 965, 969 (9th Cir. 2009).

2

1  Order, filed July 20, 2015), and, on July 22, 2015, all defendants remaining as of that date
2  joined in the filing of an Amended Notice of Removal (see Am. Notice of Removal ¶ 4).[5]

3       In the Amended Notice of Removal, defendants, in lieu of asserting fraudulent
4  joinder, proceed on the ground that the Court has diversity jurisdiction because, after the
5  first Notice of Removal was filed, plaintiff changed his domicile to Texas, a state in which
6  none of the defendants resides. (See Am. Notice of Removal.) Thereafter, as defendants
7  had abandoned their fraudulent joinder argument, the Court denied as moot plaintiff's first
8  Motion to Remand, which was based exclusively on the argument that FAS and Rhodes
9  were not fraudulently joined (see Order, filed July 28, 2015), after which, as noted, plaintiff
10 filed the instant Motion to Remand, addressing the Amended Notice of Removal.

11 **DISCUSSION**

12 **A. Remand**

13      A civil action is only removable if it falls within the original jurisdiction of the district
14 courts of the United States. See 28 U.S.C. § 1441(a). The district courts have original
15 jurisdiction over any civil action wherein the amount in controversy exceeds $75,000 and in
16 which the parties are completely diverse, i.e., no plaintiff is a citizen of the same state as
17 any defendant. See 28 U.S.C. § 1332(a); see also Carden v. Arkoma Assocs., 494 U.S.
18 185, 187 (1990) (citing Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)).
19 "[T]he core principle of federal removal jurisdiction on the basis of diversity" is that "it is
20 determined (and must exist) as of the time the complaint is filed and removal is effected."
21 See Strotek Corp. v. Air Transport Ass'n of America, 300 F.3d 1129, 1131 (9th Cir. 2002).
22 Defendants bear the burden of demonstrating removal is proper. See Moore-Thomas v.
23 Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009).

24      Here, defendants do not dispute that plaintiff and two of the defendants, FAS and
25 Rhodes, were citizens of California on February 23, 2015, the date on which plaintiff filed
26 his complaint in state court, as well as on May 15, 2015, the date on which defendants
27
28      [5]On July 15, 2015, plaintiff voluntarily dismissed his claims against FAS.

3

1  removed the case to federal court.

2  According to defendants' Amended Notice of Removal, diversity jurisdiction
3  nonetheless exists because plaintiff, as of June 8, 2015, became a citizen of Texas,
4  whereas no defendant is a citizen of Texas.  Plaintiff does not dispute defendants' showing
5  that he moved to Texas, but, rather, argues that his change in residence is irrelevant
6  because it occurred after the complaint was filed.

7  In support of their argument that plaintiff's recent change of domicile creates
8  diversity jurisdiction, defendants cite to Hanson v. Equilon Enterprises LLC, 2014 WL
9  2897422 (N.D. Cal. 2014), which in turn cites to DeBry v. Transamerica Corp., 601 F.2d
10 480 (10th Cir. 1979), wherein the Tenth Circuit held a plaintiff's change in citizenship after
11 the filing of the complaint is a "special condition justifying removal."  See id. at 487.
12 Defendants' reliance on any such exception to the time-of-filing rule is, however, unavailing,
13 as DeBry predates Grupo Dataflux v. Atlas Global Group, LP, 541 U.S. 567 (2004).

14 In Grupo Dataflux, the Supreme Court considered the question "whether a party's
15 post-filing change in citizenship can cure a lack of subject-matter jurisdiction that existed at
16 the time of the filing in an action premised upon diversity of citizenship," id. at 568, and held
17 the post-filing change in citizenship by the plaintiff therein did not create diversity
18 jurisdiction.  See id. at 575 (recognizing removal based on post-filing dismissal of non-
19 diverse party as only exception to time-of-filing rule; rejecting "purported cure" arising "not
20 from a change in the parties to the action, but from a change in the citizenship of a
21 continuing party").  In so holding, the Supreme Court reaffirmed its long-standing rule that
22 "jurisdiction depending on the condition of the party is governed by that condition, as it was
23 at the commencement of the suit."  Id. at 574, 580, 582 (noting "the facts determining
24 jurisdiction are subject to change" and the "stability provided by our time-tested rule weighs
25 heavily against the approval of any new deviation").

26 Accordingly, the Court finds defendants have failed to show diversity jurisdiction
27
28

exists, and, consequently, will grant plaintiff's motion to remand.[6]

**B. Fees**

In addition to seeking an order remanding the action, plaintiff seeks an award of attorney's fees and costs. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." See 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances," however, "attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, plaintiff has not brought to the Court's attention any "unusual circumstances" that would compel an award of fees and costs and has not made any attempt to show, nor does the Court find, defendants' reliance on the DeBry exception was objectively unreasonable.

Accordingly, the Court denies plaintiff's request for costs and attorney's fees incurred in connection with the removal.

**CONCLUSION**

For the reasons stated above, plaintiff's Motion to Remand is hereby GRANTED in part and DENIED in part as follows:

1. To the extent the motion seeks an order remanding the action, the motion is GRANTED, and the above-titled action is hereby REMANDED to the Superior Court of California, in and for the County of Contra Costa.

2. To the extent the motion seeks an award of fees and costs incurred in connection with the removal, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: October 8, 2015

MAXINE M. CHESNEY
United States District Judge

---

[6] In so ruling, the Court has not relied on any document listed in plaintiff's Request for Judicial Notice, and, consequently, has not addressed that request herein. Additionally, given the Court's lack of jurisdiction over the above-titled action, the Court has not ruled on plaintiff's Petition for Appointment of Guardian Ad Litem.

5